UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARQUIS D. JENKINS,

                Petitioner,                       Case No. 1:25-cv-411

v.                                           Honorable Hala Y. Jarbou

MICHAEL BURGESS,

                Respondent.
_____/

**<u>OPINION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. As part of a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that it appeared that Petitioner had failed to timely file his petition. (Op., ECF No. 8.) The Court therefore entered an order directing Petitioner to show cause within 28 days why his petition should not be dismissed as untimely. (Order, ECF No. 9.) In response, Petitioner has filed a motion for equitable tolling (ECF No. 10) and a brief in support thereof (ECF No. 11).

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson*

*v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may also *sua sponte* dismiss a habeas

action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

After reviewing Petitioner's response, the Court concludes that Petitioner has not shown

cause why his petition should not be dismissed as untimely. Accordingly, the Court will dismiss

Petitioner's petition with prejudice as untimely and deny his motion for equitable tolling.

**Discussion**

**I.      Factual Allegations**

Petitioner Marquis D. Jenkins is incarcerated with the Michigan Department of Corrections

at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Following a jury

trial in the Kent County Circuit Court, Petitioner was convicted of one count of first-degree home

invasion, in violation of Mich. Comp. Laws § 750.110a(2). On October 14, 2019, the trial court

sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to 11 to

50 years' incarceration.[1]

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals. The

court of appeals set forth the following facts underlying Petitioner's conviction:

> This case arises out of a home invasion in which the victim, a grandmother, was
> assaulted when [Petitioner] made forcible entry into her home. On December 12,
> 2018, the victim was at her home along with 12 other family members, friends, and
> acquaintances, not including [Petitioner]. [Petitioner] arrived and visited at the
> home in the afternoon, but he left later that afternoon following an incident that

---

[1] Petitioner is also serving sentences imposed for other convictions, namely: (1) 1 year, 2 months
to 7 years, 6 months after Petitioner pleaded guilty to one count of prisoner possessing weapons in
the Gratiot County Circuit Court; (2) 1 to 2 years after being convicted in the Kent County Circuit
Court of one count of attempting escape while awaiting trial for a felony; and (3) 8 to 50 years
imposed after Petitioner pleaded guilty in the Kent County Circuit Court to one count of armed
robbery. *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/
otis2profile.aspx?mdocNumber=512603 (last visited June 3, 2025). Petitioner's § 2254 petition,
however, explicitly states that he is only challenging his 2019 conviction and sentence for first-
degree home invasion.

resulted in the victim's not wanting him in her home. He was not invited back. When [Petitioner] was unable to stay at a local shelter as planned, he returned to the victim's home at approximately 1:30 a.m. [Petitioner] knocked on the door of the home, and when the victim was unable to see anyone through the peephole, she cracked the door open approximately three inches. The victim saw [Petitioner] and told him that he could not come inside. The victim testified that [Petitioner] then "came barreling through the front door and shoved [her] back onto the couch." She indicated that the door hit her first and then [Petitioner] "came at [her]." The victim asserted that [Petitioner] plowed through the front door with unexpected force. There were a number of eyewitnesses who testified at trial that [Petitioner] pushed the door open, which threw the victim backward, and/or that [Petitioner] shoved the victim after he had burst into the home. All of the eyewitnesses to the assault indicated that [Petitioner] was not invited into the house and that the victim looked scared when [Petitioner] came through the front door.

The victim then ran upstairs to get her phone, and she told a friend to lock herself in a bedroom with the friend's three children. The victim locked herself in a bathroom and called 911. When the police arrived, [Petitioner] went to the front door. An officer commanded [Petitioner] to come outside with his hands up, but [Petitioner] instead ran to the home's back door. Other police officers, however, were already stationed at the back door; consequently, [Petitioner] ran upstairs to a bedroom in which there were two children. [Petitioner] had lain down on a bed with one of the children and told them to pretend that he was asleep. Officers entered the home and found [Petitioner] in the bedroom on the bed. After a struggle, the police subdued and arrested him. [Petitioner] testified on his own behalf and asserted that he did not assault or batter the victim in any form or fashion. The jury convicted defendant of first-degree home invasion.

*People v. Jenkins*, No. 351524, 2021 WL 2024831, at *1 (Mich. Ct. App. May 20, 2021). The

court of appeals affirmed Petitioner's conviction and sentence, but remanded the matter to the trial

court "for the ministerial task of correcting the presentence investigation report (PSIR)." *Id.* The

Michigan Supreme Court denied Petitioner's application for leave to appeal on December 1, 2021.

*See People v. Jenkins*, 966 N.W.2d 373 (Mich. 2021).

Public records reflect that Petitioner filed a motion for relief from judgment pursuant to

Michigan Court Rule 6.502 in the trial court on January 30, 2023. *See* Register of Actions, *People*

*v. Jenkins*, No. 19-00294-FH (Kent Cnty. Cir. Ct.), https://www.kentcountymi.gov/1036/Search-

Court-Records (enter "Marquis" for "First Name," enter "Jenkins" for "Last Name," enter "1985"

for "Year of Birth," select "Defendant" for "Party Type," complete the reCAPTCHA verification, select "Search Criminal Cases," then select the entry for Case No. 19-00294-FH) (last visited June 3, 2025). The trial court denied Petitioner's Rule 6.502 motion in an opinion and order entered on April 5, 2023. *See id.* The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on March 18, 2024. *See* Register of Actions, *People v. Jenkins*, No. 367735 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/367735 (last visited June 3, 2025). The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 28, 2024. *See People v. Jenkins*, 12 N.W.3d 409 (Mich. 2024).

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner indicates that he placed his § 2254 petition in the prison mailing system for mailing to this Court on April 8, 2025. (§ 2254 Pet., ECF No. 1, PageID.15.) The Court, therefore, will deem April 8, 2025, as the date Petitioner filed his § 2254 petition.

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.     Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan Supreme Court denied Petitioner's application for leave to appeal on December 1, 2021. *See People v. Jenkins*, 966 N.W.2d 373 (Mich. 2021). Petitioner did not petition the United States Supreme Court for a writ of certiorari. (§ 2254 Pet., ECF No. 1, PageID.3.)

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the 90-day period during which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, the 90-day period expired on Tuesday, March 1, 2022. Petitioner had one year from that date,[2] until Wednesday, March 1, 2023, to file his habeas petition. As set forth above, Petitioner filed his § 2254 petition on April 8, 2025. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

---

[2] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

## B.    Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed his Rule 6.502 motion with the trial court on January 30, 2023. His post-conviction proceedings remained pending until October 28, 2024, when the Michigan Supreme Court denied Petitioner's application for leave to appeal.[3]

When Petitioner filed his Rule 6.502 motion on January 30, 2023, 335 days of the limitation period had already elapsed, and only 30 days remained. Petitioner is entitled to equitable tolling for the period of time from January 30, 2023, until October 28, 2024. The limitations period expired 30 days after October 28, 2024, or on Wednesday November 27, 2024. As noted *supra*, Petitioner did not file his § 2254 petition until April 8, 2025. Thus, even with the benefit of statutory tolling, Petitioner's § 2254 petition is still untimely.

## C.    Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517,

---

[3] The Supreme Court has concluded that because tolling is limited to the time that the collateral attack is pending, it is not extended by the filing of a petition for certiorari or the expiration of the time for filing such a petition. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As set forth above, Petitioner has filed a motion for equitable tolling (ECF No. 10) and a brief in support thereof (ECF No. 11). Petitioner avers that he is entitled to equitable tolling based upon new evidence of actual innocence. (ECF No. 10, PageID.74.) Petitioner's actual innocence argument will be addressed *infra*, as actual innocence is a separate consideration for purposes of excusing untimely filing of a federal habeas petition. Petitioner's motion and brief do not address whether he had been pursuing his rights diligently and how any extraordinary circumstance prevented Petitioner from timely filing his § 2254 petition. Petitioner, therefore, is not entitled to equitable tolling of the statute of limitations.

### D.    Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence

in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In his brief supporting his motion for equitable tolling, Petitioner mentions newly discovered evidence in the form of "the destroyed body camera footage interviewing Eban, the resident at the premises, who stated to the Grand Rapids police that he let the Petitioner in the house." (ECF No. 11, PageID.79.) Petitioner avers that if this evidence had been presented to the jury, "it is possible that [he] would have been acquitted of his charges." (*Id.*) In a declaration attached to his brief, Petitioner avers that he is "100% actually innocent" and that he "did not push [his] way into [anyone's] home nor did [h]e assault or batter [anyone]." (ECF No. 1101, PageID.83, ¶¶ 7–8.)

Petitioner's protestations of innocence fail to meet the exacting standard set forth above. Although Petitioner mentions destroyed body camera footage that would have shown that he had been invited into the house, Petitioner provides no evidence to support his assertion that such footage was destroyed. Petitioner also failed to provide any indication as to when he learned that such footage was allegedly destroyed. Nor has Petitioner provided any evidence, such as an affidavit from the resident in question, that would support his claim that he never committed a home invasion. To be entitled to rely upon actual innocence to overcome the statute of limitations bar, a petitioner "must produce evidence of innocence so strong that the court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotation marks and citations omitted). Here, Petitioner has simply failed to produce such evidence. Accordingly, because Petitioner has failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E.    Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his § 2254 petition by State action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, §§ 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that § 2244(d)(1)(D) renders his § 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner, however, indicates that the three grounds for relief that he asserts in his § 2254 petition are the same grounds that he raised in his Rule 6.502 motion. (§ 2254 Pet., ECF No. 1, PageID.5–9.) Moreover, all of Petitioner's grounds for relief concern the trial court's alleged denial of Petitioner's right to represent himself during criminal proceedings; Petitioner would certainly have been aware of the factual basis for his claims at the time of trial. In light of the foregoing, the Court sees no basis for how § 2244(d)(1)(D) could apply to render Petitioner's § 2254 petition timely filed.

In sum, even with the benefit of statutory tolling, the one-year limitations period expired as of November 27, 2024. Petitioner offers no basis for statutory tolling or equitable tolling. Moreover, as set forth above, Petitioner has not demonstrated entitlement to belated commencement of the limitations period. The Court, therefore, will issue a judgment dismissing the petition with prejudice and an order denying Petitioner's motion for equitable tolling (ECF No. 10).

### III.    Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is filed more than one year after the underlying judgment became final and he offers neither reason nor excuse why it is late. Therefore, a certificate of appealability will be denied. Nonetheless, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order denying Petitioner's motion for equitable tolling (ECF No. 10) and a certificate of appealability, as well as a judgment dismissing the petition with prejudice as untimely.

Dated: June 4, 2025                              /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE